BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7021
    FAX: (415) 436-7234
    Helen.Gilbert@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 15-0565 WHO |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| BRYAN GILBERT HENDERSON, | |
| Defendant. | |

    Plaintiff, United States of America, by and through BRIAN J. STRETCH, Acting United States Attorney for the Northern District of California, and HELEN L. GILBERT, Assistant United States Attorney for the Northern District of California, and the defendant, BRYAN GILBERT HENDERSON, and his attorney, JONATHAN D. MCDOUGALL, hereby stipulate and agree as follows:

    WHEREAS the defendant is charged in a one count Indictment charging violations of Title 18, United States Code, sections 2252(a)(4)(B) and (b)(2).

    WHEREAS the investigation of the defendant alleges the defendant's use of a particular website, referenced herein as "Website A," that was distributing child pornography. Discovery materials the government intends to produce pursuant to its discovery obligations under Federal Rule of Criminal

STIPULATION AND PROTECTIVE ORDER,
CR No. 15-0565 WHO

Procedure 16 include law enforcement sensitive items related to an ongoing investigation of the users of "Website A." The investigation continues into users of "Website A," which operated for the purpose of advertising and distributing child pornography. Thousands of users of "Website A," in the United States and abroad, remain under active investigation. The dissemination of the government's investigative materials, including search warrant affidavits, reports of investigation, witness statements, court orders, and seized electronic data, could seriously jeopardize those continuing investigations.

WHEREAS, in connection with this Indictment, the United States is in possession of computer media, materials, and property that it alleges constitute and/or contain images and/or videos of child pornography. Pursuant to Title 18, United States Code, section 3509(m), notwithstanding Federal Rule of Criminal Procedure 16, courts are required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce any property or material constituting child pornography if the United States makes the property or material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility. 18 U.S.C. § 3509(m).

WHEREAS in order to comply with Title 18, United States Code, section 3509(m); to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter; and to ensure that law enforcement sensitive information contained in discovery materials are not disseminated to third parties, the United States and defendant hereby agree to the following conditions:

1. This Protective Order governs all discovery material in any format (written or electronic) that is produced by the government in discovery in the above captioned case.

2. The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials is limited to the following individuals (hereinafter collectively referred to as the "defense team"):

    a. Counsel for defendant;

    b. Persons employed by defense counsel who are assisting with the preparation of the defense;

    c. Defendant, but only in the presence of his/her attorney;

STIPULATION AND PROTECTIVE ORDER,
CR No. 15-0565 WHO

     d.     Any expert retained on behalf of the defendant to assist in the defense of this matter;

     e.     Any investigator retained on behalf of the defendant to assist in the defense of this matter.

3. The attorneys of record and the defense team may display and review the discovery materials with the defendant. The attorneys of record and the defense team acknowledge that providing copies of the discovery materials to the defendant and other persons is prohibited, and agree not to provide copies of discovery materials to the defendant and other persons.

4. The United States Attorney's Office for the Northern District of California is similarly allowed to display and review the discovery materials with lay witnesses, but is otherwise prohibited from providing copies of the discovery materials to lay witnesses, i.e., non-law enforcement witnesses.

5. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure and the Local Criminal Rules.

6. Any discovery material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matters before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

7. Handling of Alleged Contraband Materials

     a.     The provisions of this section of the Protective Order, Handling of Alleged Contraband Materials, apply to computer media, materials, and property that the United States alleges constitute and/or contain images and/or videos of child pornography ("alleged contraband materials"). Without conceding that each image and/or video within the alleged contraband materials constitutes child pornography, the defendant agrees that the provisions of this section of the Protective Order apply to the alleged contraband materials. In the event of a dispute as to whether a specific image and/or video constitutes child pornography, the defendant agrees that the provisions of this section of the Protective Order apply unless and until the counsel for the United States agrees in writing that a specific image and/or video is not child pornography or the

STIPULATION AND PROTECTIVE ORDER,
CR No. 15-0565 WHO

Court enters an Order to that effect.

b. The defense team may obtain and examine the alleged contraband materials under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose.

c. The United States will make one forensic copy of all seized computer media containing the alleged contraband materials ("the defense hard drive") reasonably available to the defendant and provide ample opportunity for the defense team to examine it at a government facility. The defense hard drive shall be made available at one of the following FBI locations (the "examination room"): 450 Golden Gate Avenue, San Francisco, CA; 2101 Webster Street, Oakland, CA; or the Investigation Regional Computer Forensic Laboratory ("RCFL"), 4600 Bohannon Drive, Menlo Park, CA.

d. An FBI agent or employee will be in the examination room at all times while the defense team is examining the defense hard drive to ensure that no alleged contraband materials are removed from the examination room. The United States expressly agrees that no attempt will be made to observe the defense team's work product or computer monitor screen at any time.

e. A forensically sound, imaged, otherwise clean hard drive will be provided for the defense team's examination. The defense team agrees to specify the tools it will use during the examination to enable the defense hard drive to be imaged and configured properly for the defense team. The defense team will be allowed to install its own forensic software, or if it is reviewing the hard drive at the RCFL Menlo Park location, may choose to use the forensic software provided by the FBI. If agreeable to all parties and practicable, an image of the defense team's configuration may be made prior to the examination, and stored by the FBI, so that the defense team will not have to reinstall software after every examination. The integrity of this image, and of any work product stored by the defense team during a multi-day examination, will be verified by the use of a container sealed with tamper-evident evidence tape or other security measure mutually agreeable to the parties, and stored in the government facility in a locked or restricted location. The defense team may use encryption software to ensure protection of work product. When the defense team has advised counsel for the United States that it has completed

STIPULATION AND PROTECTIVE ORDER,
CR No. 15-0565 WHO

its examination of the defense hard drive, the United States will re-image the hard drive to remove all data from the hard drive.

    f.    The defense team shall not make copies of and shall not remove any images or videos from the alleged contraband materials without further Court Order.  This prohibition includes (1) printing images and images from videos onto paper; (2) duplicating images and videos in any digital format; (3) carrying images and videos off-site from the examination room; and (4) sending images and videos off-site electronically.  Non-image files such as word processing files, emails, and other text files may be duplicated to the extent necessary to prepare the defense of this matter but only after the person duplicating the material has confirmed that the file does not contain any embedded image or video files.  The defense team may remove printed notes and/or reports provided that the person seeking to remove the notes and/or reports has confirmed that the notes and/or reports do not contain any embedded image or video files.

    g.    Prior to receiving access to the materials on any occasion, the defense team members involved in that examination shall sign a copy of this Certification to be filed with the Court acknowledging that:

        i.    S/he has reviewed the Protective Order;

        ii.    S/he understands the contents;

        iii.    S/he will only access the defense hard drive for the purposes of preparing a defense;

        iv.    S/he will not access the defense hard drive from any computer that is connected to the Internet or any local network;

        v.    S/he will not remove the defense hard drive or any alleged contraband materials from the examination room; and

        vi.    S/he understands that failure to abide by this Order may result in sanctions by this Court and in state or federal criminal charges for possession, transportation, receipt, or distribution of child pornography.

    h.    Upon conclusion of any examination, the defense team members involved in that

STIPULATION AND PROTECTIVE ORDER,
CR No. 15-0565 WHO

1  examination will certify in writing, to be filed with the Court, that s/he has not copied and has
2  not removed the defense hard drive and/or any alleged contraband materials from the
3  examination room.  Except when a member of the defense team involved in that examination
4  fails to provide this certification, no employee of the United States will examine or acquire in
5  any fashion any of the items used by the defense team to conduct its analysis.  If a member of the
6  defense team fails to certify that s/he has not copied and has not removed any alleged contraband
7  materials, the United States may inspect or examine the defense hard drive and any computer and
8  computer media used by the defense team to ensure that contraband has not been removed.

9      i.     In the event that the defense team inadvertently removes any alleged contraband
10  materials, it shall immediately inform counsel for the United States and return it to him/her
11  within 24 hours.

12      j.     This Stipulation and Protective Order is a negotiated procedure by the parties in this case.
13  It does not constitute a concession or waiver by the United States regarding discovery procedures
14  generally for providing access to child pornography under Title 18, United States Code, section
15  3509(m).  It also does not represent a stipulation by the defense team conceding the
16  constitutionality of Title 18, United States Code, section 3509(m).  This Stipulation and
17  Protective Order will permit the parties in the present case to avoid litigation regarding Title 18,
18  United States Code, section 3509(m), but does not represent a waiver or concession in other or
19  future cases.

20      k.     A copy of this Stipulation and Protective Order shall be maintained with the alleged
21  contraband materials at all times.

22  8.   The provisions of this Protective Order shall not terminate at the conclusion of this prosecution.
23  9.   Any discovery materials provided pursuant to this Protective Order shall be returned to the
24  United States Attorney's Office, including all copies, within ten days of the completion of the case
25  before the Court or, if an appeal is taken, within ten days of the completion of the case in the United
26  States Court of Appeals for the Ninth Circuit or the Supreme Court of the United States.
27  10.  Any disputes concerning this Stipulation and Protective Order shall be resolved by this Court

STIPULATION AND PROTECTIVE ORDER,
CR No. 15-0565 WHO

6

only after counsel for the United States and defendant have first conferred and attempted to resolve the dispute.

11.     This Protective Order may be modified to exclude specific discovery only upon agreement by all parties and the Court.

12.     Any violation of any term or condition of this Protective Order by the defendant, the defendant's attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Northern District of California, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

If the defendant violates any term or condition of this Protective Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the defendant's violation.

SO STIPULATED:

BRIAN J. STRETCH
Acting United States Attorney

DATED: _____, 2015          _____/s_____
                                HELEN L. GILBERT
                                Assistant United States Attorney

DATED: _____, 2015          _____/s_____
                                JONATHAN D. MCDOUGALL
                                Attorney for Bryan Gilbert Henderson

DATED: _____, 2015          _____/s_____
                                BRYAN GILBERT HENDERSON

SO ORDERED.

DATED: December 21, 2015        _____
                                THE HONORABLE WILLIAM H. ORRICK
                                United States District Court Judge

STIPULATION AND PROTECTIVE ORDER,
CR No. 15-0565 WHO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>       Plaintiff, )<br>  )<br>    v. )<br>  )<br> BRYAN GILBERT HENDERSON, )<br>  )<br>       Defendant. )<br>  ) | CR No. 15-0565 WHO<br><br>CERTIFICATION TO INTERIM PROTECTIVE ORDER |

    The undersigned acknowledges that s/he has received a copy of the Interim Protective Order in the matter of United States v. BRYAN GILBERT HENDERSON, CR No. 15-0565 WHO, and has read, understands, and agrees to the terms of the Stipulation and Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms and punishment of any violations thereof.


Date: _____      _____
                                                                     [Name]
                                                                     [Title]


    Having completed an examination of the defense hard drive, I hereby certify that I have not copied and have not removed the defense hard drive and/or any alleged contraband materials from the examination room.

Date: _____      _____
                                                                     [Name]
                                                                     [Title]

STIPULATION AND PROTECTIVE ORDER,
CR No. 15-0565 WHO